## GARDINER v. WASHINGTON LOAN & TRUST CO. et al.

### No. 5581.

Court of Appeals of the District of Columbia.

Argued Nov. 10, 1932.

Decided Dec. 12, 1932.

Petition for Rehearing Denied Dec. 17, 1932.

Edward S. Duvall, of Washington, D. C., for appellant.

Arthur Peter and George P. Hoover, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree of the lower court granting a motion to dismiss and dismissing appellant's amended bill of complaint. The bill contains in substance the following statements:

That Alice Hay Wadsworth was the owner of three valuable lots located at Sixteenth and H Streets N. W., in the city of Washington, D. C., and on May 1, 1925, she demised and leased them to Wardman, Bones, and Hobbs for a term of ninety-nine years, renewable forever, at an annual rental of $36,000, with an option to purchase the property outright for the sum of $600,000 at any time within twenty years after April 1, 1925. The lease further obligated the lessees to erect on the demised premises a new building to cost not less than $500,000, to be completed within four years from April 1, 1925. The lease was recorded on May 7, 1925, in the land records of the District of Columbia.

That on December 24, 1926, the lessees, Wardman, Bones, and Hobbs, conveyed by deed of trust to Schwartzell & Rheem all their leasehold interest and estate under the lease to secure a construction loan of $650,-

000, the proceeds of which were to be used in the construction of the stipulated building upon the leased premises; that this loan, which is hereinafter called the leasehold lien, was represented by promissory notes to the number of 800 in all, which were disposed of by the trustees and are yet unpaid and are now held by about 600 persons. The appellant is the owner of notes of this series amounting to $1,400. The proceeds of the loan together with additional funds provided by the lessees were used in the erection of the building required by the lease, which when completed cost between $900,000 and $1,000,-000.

It is furthermore stated in the bill that on July 28, 1927, Wardman, Bones, and Hobbs as lessees exercised the option permitting them to purchase the fee in the demised premises for the sum of $600,000. It appears that on that day two deeds were executed as parts of the transaction. In one of these Mrs. Wadsworth conveyed her estate in fee to the Union Trust Company, as trustee, to secure certain promissory notes executed to the Washington Loan & Trust Company in the sum of $600,000 by Wardman, Bones, and Hobbs, acting through an authorized agent. The other deed was one executed by Mrs. Wadsworth conveying her fee in the demised premises to Moore and Robb as joint tenants who took the title solely as agents for, Wardman, Bones, and Hobbs. In the deed of Mrs. Wadsworth to Moore and Robb it is recited that the conveyance is made subject to the deed of trust of the same date executed by her to the Union Trust Company upon the same premises to secure the Washington Loan & Trust Company for the loan of $600,000. Afterwards by an instrument executed on August 9, 1927, one Bessie Christian purporting to act as attorney in fact for Mrs. Wadsworth assigned to the Washington Loan & Trust Company all the right, title, and interest held by Mrs. Wadsworth as lessor in the lease upon the demised premises; and on January 6, 1930, Moore and Robb executed a paper writing confirming and ratifying this assignment.

It is claimed by appellant that the deed from Mrs. Wadsworth to Moore and Robb was in legal effect a deed to Wardman, Bones, and Hobbs, and that thereby both the fee-simple and leasehold interest in the premises became in equity vested in the latter parties; that therefore there was a legal merger of the two interests or estates in Wardman, Bones, and Hobbs, and the ground rent was in equity and law extinguished; and that Wardman, Bones, and Hobbs became the legal and equitable owners of the premises, subject only to the leasehold loan of $650,000. It is claimed furthermore that the lease being in perpetuity conveyed the substance of the fee, and that the option to purchase contained in the lease together with the exercise thereof by Wardman, Bones, and Hobbs made them the equitable owners of the fee from the date of the lease.

It is alleged in the bill that at the present time the two deeds of trust aforesaid are in default, and the premises are subject to various conflicting claims of the parties which cause confusion and constitute a cloud upon the title, and cause irreparable injury to appellant and other note holders under the leasehold lien; and that it would be for the best interests of all parties to this suit for the court to order a sale of the real estate as an entirety, selling all of the right, title, and interest of all parties hereto and distributing the proceeds of the sale according to their respective rights.

Appellant accordingly prayed for such a sale, also that the legal title to the property be declared in Wardman, Bones, and Hobbs, and that the trust securing appellant's notes be declared a first lien on the real estate and that the lease upon the real estate be declared now indefeasible.

The Washington Loan & Trust Company as defendant in the suit below filed a motion to dismiss the bill of complaint upon the ground that it failed to state a cause of action entitling appellant to such relief as was sought and prayed for therein. The motion was sustained, the bill was dismissed, and the present appeal was taken.

In our opinion the relative rights of the parties are plainly disclosed by the allegations of the bill of complaint together with the annexed exhibits. It is of course clear that the notes secured by the so-called construction loan of which appellant's notes are part were a lien upon the leasehold estate of Wardman, Bones, and Hobbs and not upon the fee. However, if the lessees had exercised their option to purchase the fee from Mrs. Wadsworth, the leasehold estate in the absence of other controlling circumstances would have been merged in the fee. In case of such a merger the obligation of the lessees to pay rent would have been extinguished, and the leasehold lien in effect would have become a lien upon the fee.

In the present case, however, the lessees secured the necessary funds for the exercise of the option by means of a loan from the Washington Loan & Trust Company, secured by a lien given by Mrs. Wadsworth upon her fee in the premises. The proceeds of this loan were paid to Mrs. Wadsworth, but not until after she had incumbered her fee by a deed of trust securing the repayment of the loan. This arrangement was completed with the knowledge and consent of Wardman, Bones, and Hobbs. The trust deed whereby this lien was created conveyed to the trustee the fee in the premises together with the right to collect the rent accruing under the lease, as well as all other rights reserved to Mrs. Wadsworth by the terms of the lease. The deed of the fee to Moore and Robb was thereupon executed and was expressly made subject to this incumbrance. The result of this was that Wardman, Bones, and Hobbs received the fee from Mrs. Wadsworth subject to the lien of the Washington Loan & Trust Company. This arrangement effectually prevented a merger of the fee and the leasehold estate, for a merger of such estates will not be permitted where it would destroy the rights of a bona fide lienholder who had taken a lien upon the fee before the conveyance thereof to the lessees.

10 R. C. L. 29, p. 668: "It must be remembered, however, that a merger will not in general take place if contrary to the intention of the parties; nor will it be permitted to operate to the prejudice of third persons, and so if there be a judgment or mortgage or lease for years, or any other interest derived out of or attached upon the life estate, the tenant for life cannot destroy these rights by a surrender, or a release or by any other voluntary act for the purpose of merging the particular estate in the greater."

Hunt v. Hunt, 14 Pick. (Mass.) 374, 384, 25 Am. Dec. 400: "To effect a merger at law, the right previously existing in an individual, and the right subsequently acquired, in order to coalesce and merge, must be precisely co-extensive, must be * * * held in the same right, and there must be no right outstanding in a third person, to intervene between the right held and the right acquired. If any of these requisites are wanting, the two rights do not merge, but both may well stand together."

It follows that the conveyance of the fee in this case left the leasehold lienholders in possession of all the rights which they had before the conveyance, and no more. The rights of such lienholders are not in conflict with those of the owners of the fee. Under the deed of trust securing their notes they have a right in case of default to bring the leasehold estate to sale, and the purchaser at such sale would become vested with all the rights of the original lessees. The Washington Loan & Trust Company will have a lien upon the fee subject to the leasehold estate, and in case of a sale of the fee the leasehold estate nevertheless would remain as security for the notes of appellant and the other note holders.

In reaching this conclusion we find it unnecessary to determine the force or effect of the assignment of the rights of Mrs. Wadsworth as lessor of the premises, which was delivered to the Washington Loan & Trust Company by Bessie Christian as her alleged attorney in fact, nor the instrument executed by Moore and Robb confirming and ratifying it.

Accordingly, we hold that appellant is not entitled to the relief sought by him, and the decree of the lower court dismissing the bill of complaint is affirmed, with costs.